IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

ROBERT ORR-SYSCO FOOD )
    SERVICES, LLC )
) NO. 3:05-1082
v. ) JUDGE CAMPBELL
)
JOSEPH E. MACHARSKY )

MEMORANDUM

Pending before the Court are Defendant's Motion to Dismiss (Docket No. 5) and Defendant's Motion for Oral Argument (Docket No. 8). For the reasons stated herein, both Motions are DENIED.

FACTS

Plaintiff Robert Orr-Sysco Food Services LLC, a Delaware corporation with offices in Nashville, Tennessee, brought this action in the Circuit Court for Davidson County, Tennessee, to recover on an Individual Personal Guarantee executed by Defendant Macharsky, a resident of Pennsylvania, on a debt owed by The Boyds Collection - Pigeon Forge, LLC, a business located in Pigeon Forge, Tennessee.[1] Defendant removed the action to this Court based upon diversity of citizenship. Plaintiff's Complaint alleges that Defendant, as guarantor, is justly indebted to Plaintiff on an open account in the amount of $95,409.32. Docket No. 1.

Defendant has moved to dismiss this action against him for lack of personal jurisdiction. Docket No. 5. Defendant argues that he is a resident of Pennsylvania, employed as CFO of The

---

[1] The Boyds Collection - Pigeon Forge LLC filed a Chapter 11 petition in bankruptcy, so Plaintiff did not include it in its collection action. Docket No. 12.

Boyds Collection LTD in McSherrystown, Pennsylvania. Defendant asserts that he has worked out of the McSherrystown office during the entirety of his employment with The Boyds Collection. Defendant contends that he was presented with and signed the Individual Personal Guarantee ("the Guarantee") in Pennsylvania and that any performance by him under the Guarantee would originate and come from assets found in Pennsylvania.

Plaintiff contends that it is a long-time Nashville, Tennessee company and that all payments in connection with both its Credit Agreement with Boyds Collection - Pigeon Forge, LLC and the Guarantee were to be made in Nashville, Tennessee. Plaintiff alleges that the underlying contract between the parties was to be carried out in Tennessee, with Plaintiff's products being shipped from Nashville to Defendant's business in Pigeon Forge. Plaintiff also points to a provision of the Guarantee which provides:

> This Guarantee shall be governed by and interpreted under the laws and decisions of the state where SYSCO's operating company that provided this Application is located, without regard to the conflicts of laws provisions thereof (the "Applicable State"). Guarantor and SYSCO irrevocably agree, and hereby consent and submit to the non-exclusive jurisdiction of any state or federal court located in the Applicable State, with regard to any actions or proceedings arising from, relating to or in connection with the Liabilities and this Guarantee.

Agreement, attached to Docket No. 1.[2] Finally, Plaintiff cites to a Tennessee Department of Revenue "Blanket Certificate of Resale," signed by Defendant Macharsky in connection with Boyds Collection's Pigeon Forge operation at the time he executed the subject guarantee (Docket No. 15, Ex. 4) as further evidence of Defendant's purposefully availing himself of conducting business in Tennessee.

---

[2] The Credit Agreement between Plaintiff and Boyds Collection - Pigeon Forge contains a similar provision.

2

MOTION TO DISMISS

In considering a motion to dismiss for failure to state a claim on which relief can be granted, the court must accept as true all factual allegations in the complaint. Broyde v Gotham Tower, Inc., 13 F.3d 994, 996 (6th Cir. 1994). The motion should be granted only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Id.

PERSONAL JURISDICTION

The Plaintiff bears the burden of establishing that personal jurisdiction over the Defendant exists in this case. See, e.g., International Technologies Consultants, Inc. v. Euroglas, 107 F.3d 386, 391 (6th Cir. 1997). In the absence of an evidentiary hearing on the jurisdiction issue, the Plaintiff need only make a *prima facie* showing of personal jurisdiction. Dean v. Motel 6 Operating L.P., 134 F.3d 1269, 1271-72 (6th Cir. 1998); International Technologies Consultants, 107 F.3d at 391. In determining whether Plaintiff has made that showing, the Court must consider the pleadings and affidavits in a light most favorable to the Plaintiff. Dean, 134 F.3d at 1272.

As this case was brought pursuant to the Court's diversity jurisdiction, the Court must look to Tennessee law to determine whether jurisdiction is appropriate, subject to the constitutional limits of due process. Dean, 134 F.3d at 1273; International Technologies Consultants, 107 F.3d at 391. The Tennessee long-arm statute, Tennessee Code Annotated Section 20-2-214(a)(6), has been interpreted to extend to the limits on personal jurisdiction imposed by the Due Process Clause. Payne v. Motorists' Mutual Insurance Companies, 4 F.3d 452, 455 (6th Cir. 1993); Third National Bank v. WEDGE Group, Inc., 882 F.2d 1087, 1088 (6th Cir. 1989); Chenault v. Walker, 36 S.W.3d 45, 52-53 (Tenn. 2001). Thus, the two inquiries merge and the Court need only determine whether

the assertion of personal jurisdiction violates constitutional due process. Payne, 4 F.3d at 455; Third National, 882 S.W.2d at 1088.[3]

The Supreme Court has held that personal jurisdiction over a defendant comports with the Due Process Clause where that jurisdiction stems from "certain minimum contacts with [the forum] such that maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Calder v. Jones, 104 S.Ct. 1482, 1486 (1984).

Personal jurisdiction may be general or specific depending on the nature of the contacts in a particular case. CompuServe Inc. v. Patterson, 89 F.3d 1257, 1263 (6th Cir. 1996). General jurisdiction exists "when a defendant has 'continuous and systematic contacts with the forum state sufficient to justify the state's exercise of judicial power with respect to any and all claims.'" Aristech Chemical Int'l. Ltd. v. Acrylic Fabricators Ltd., 138 F.3d 624, 627 (6th Cir. 1998). Specific jurisdiction, on the other hand, "subjects the defendant 'to suit in the forum state only on claims that 'arise out of or relate to' a defendant's contacts with the forum.'" Id. [4]

The Sixth Circuit has established three criteria to be used in determining whether specific jurisdiction exists in a particular case:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection

---

[3] The Court also notes that Subsection (a)(5) of the Tennessee long-arm statute permits the exercise of jurisdiction over a nonresident who has "[e]nter[ed] into a contract for services to be rendered . . . in this state." Tenn. Code Ann. § 20-2-214(a)(5). Regardless of which section is employed, however, "the exercise of jurisdiction must comport with the United States Constitution." Chenault, 36 S.W.2d at 53.

[4] Because the Court finds that Defendant is subject to the specific jurisdiction of this Court, it need not address the issue of general jurisdiction.

4

with the forum state to make the exercise of jurisdiction over the defendant reasonable.

Payne, 4 F.3d at 455 (quoting Southern Machine Co. v. Mohasco Indus., Inc., 401 F.2d 374, 381 (6th Cir. 1968)). The "purposeful availment" requirement is satisfied "when the defendant's contacts with the forum state 'proximately result from actions by the defendant himself that create a "substantial connection" with the forum State,' and when the defendant's conduct and connection with the forum are such that he 'should reasonably anticipate being haled into court there.'" Compuserve, Inc., 89 F.3d at 1263.

As for cases involving interstate contractual obligations, the Supreme Court has emphasized that "parties who 'reach out beyond one state and create continuing relationships and obligations with citizens of another state' are subject to regulation and sanctions in the other State for the consequences of their activities." Burger King Corp. v. Rudzewicz, 105 S.Ct. 2174, 2182 (1985). The Court in Burger King also made it clear that contractual choice-of-law provisions can be relevant in the jurisdictional analysis. Burger King Corp., 105 S.Ct. at 2186-87.

In this case, the Defendant personally guaranteed an obligation of Boyds Collection - Pigeon Forge, a Tennessee business, with the Plaintiff, a Tennessee company, that created a business relationship with the Plaintiff in Tennessee. Pursuant to the underlying contract, Boyds Collection - Pigeon Forge placed orders with Plaintiff in Nashville, Tennessee, and Plaintiff filled those orders by sending products from Nashville, Tennessee, to Pigeon Forge, Tennessee. Boyd Collection's and Defendant's alleged failure to pay for goods in accordance with the agreements of the parties is the basis of this lawsuit, and Defendant's contacts with Tennessee, as outlined above, are based on performance of those agreements.

Defendant argues that he had no reason to anticipate being haled into court in Tennessee (Docket No. 6, p. 10); yet both the Credit Agreement and the Guarantee he signed indicate his agreement to submit to the jurisdiction of the state in which Sysco's operating company was located. If Defendant had any doubt about which state that might be, he was on notice to inquire as to which jurisdiction he was "irrevocably" consenting and submitting to. Defendant's signature on the Tennessee Department of Revenue Blanket Certificate of Resale is further evidence of his knowledge that the contract was being carried out in Tennessee. Defendant contends that he neither directed any activity toward nor caused a consequence in Tennessee (Docket No. 6, p. 10); yet the payments to Plaintiff, or lack thereof, caused a consequence in Tennessee, and Defendant's failure to honor his Guarantee also causes a consequence in Tennessee.

Tennessee has an interest in protecting the contractual rights of its citizens. "(W)hen the contract is with a resident of Tennessee, the State's interest in resolving a suit based on the contract and brought by that resident cannot be doubted." Monasco, 401 F.2d at 385. In addition, Tennessee has an interest in protecting its residents against a breach of contract by nonresidents for purchase of goods made in this state. Nicholstone Book Bindery, Inc. v. Chelsea House Publishers, 621 S.W.2d 560, 564 (Tenn. 1981). The transaction in this case indicates that it would not offend "traditional notions of fair play and substantial justice" to settle this dispute in Tennessee. Id.

In addition, as the Supreme Court pointed out in Burger King, a state "generally has a 'manifest interest' in providing its residents with a convenient forum for redressing injuries inflicted by out-of-state actors." 105 S.Ct. at 2182-83. Weighing all relevant factors, the Court is persuaded that the exercise of personal jurisdiction in this case is reasonable.

6

## CONCLUSION

The Court finds that Plaintiff has satisfied its burden of demonstrating that personal jurisdiction is appropriate in this case. Therefore, Defendant's Motion to Dismiss this case for lack of personal jurisdiction is DENIED. In addition, Defendant's Motion for Oral Argument is DENIED.

IT IS SO ORDERED.

*Todd Campbell*
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE

.